# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption:          State of California et al v. U.S Department of Education et al

District Court Number:          25cv10548-MJJ

Fee:    Paid?   Yes _____   No _____   Government filer _X_   *In Forma Pauperis* Yes _____   No _____

Motions Pending          Yes _____ No _X_          Sealed documents          Yes _____ No _X_
*If yes, document #* _____          *If yes, document #* _____

*Ex parte* documents   Yes _____ No _X_          Transcripts          Yes _____ No _X_
*If yes, document #* _____          *If yes, document #* _____

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent _X_   Other: _____

Appeal from:

## #41 Memorandum and Order
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #41 and #48
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # __48__ filed on __March 11, 2025__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __March 12, 2025__.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

3/12/25, 2:12 PM                          CM/ECF - USDC Massachusetts Version 6.3.3 as of 12/29/2024

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:25-cv-10548-MJJ

State of California et al v. U.S Department of Education et al
Assigned to: Judge Myong J. Joun
Cause: 05:551 Administrative Procedure Act

Date Filed: 03/06/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: Federal Question

**Plaintiff**

**State of California**                 represented by  **Laura Faer**
Office of The Attorney General
1515 Clay Street
Ste 20th Floor
Oakland, CA 94612
510-879-3304
Email: laura.faer@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chris Pappavaselio**
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
213-219-0765
Email: chris.pappavaselio2@mass.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Massachusetts**      represented by  **Adelaide H. Pagano**
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
617-963-2122
Email: adelaide.pagano@mass.gov
*ATTORNEY TO BE NOTICED*

**Chris Pappavaselio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew G. Lindberg**
Office of the Attorney General
10 Mechanic Street
#301
Boston, MA 01608
617-963-2169
*ATTORNEY TO BE NOTICED*

Megan E. Barriger
Massachusetts Office of the Attorney
General
One Ashburton Place
Boston, MA 02108
617-963-2038
Email: megan.barriger@mass.gov
*ATTORNEY TO BE NOTICED*

Yael Shavit
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2197
Email: yael.shavit@mass.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Jersey**                  represented by    Amanda I. Morejon
New Jersey Attorney General's Office
124 Halsey St., 5th Fl.
Newark, NJ 07101
609-696-5279
Email: amanda.morejon@law.njoag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Elizabeth R. Walsh
New Jersey Office of the Attorney General
124 Halsey Street
PO Box 45029
Newark, NJ 07101
609-696-5289
Email: elizabeth.walsh@law.njoag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Jessica L Palmer
NJ Office of the Attorney General
25 Market Street
Trenton, NJ 08861
609-696-4607
Email: jessica.palmer@law.njoag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Lauren Elizabeth Van Driesen
New Jersey Office of the Attorney General
124 Halsey Street
5th Floor
Newark, NJ 07101
973-648-2566

Email: lauren.vandriesen@law.njoag.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Colorado**                     represented by **Chris Pappavaselio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Illinois**                     represented by **Darren Bernens Kinkead**
Illinois Attorney General's Office
115 South LaSalle Street
Chicago, IL 60603
773-590-6967
Email: darren.kinkead@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chris Pappavaselio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maryland**

**Plaintiff**

**State of New York**                     represented by **Sandra S. Park**
NYS Office of The Attorney General
28 Liberty Street
Ste 20th Floor
New York, NY 10005
212-416-8250
Email: sandra.park@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Finkelstein**
NYS Office of The Attorney General
The Capitol
Albany, NY 12224
212-416-6129
Email: alex.finkelstein@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Chris Pappavaselio**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Meyer**
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212-416-8844

Fax: 212-416-6030
Email: kathryn.meyer@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Monica Hanna**
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212-416-8227
Fax: 212-416-6009
Email: monica.hanna@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Rabia Muqaddam**
NYS Office of The Attorney General
28 Liberty St.
New York, NY 10005
917-715-4172
Email: rabia.muqaddam@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Wil Handley**
NYS Office of The Attorney General
State Capitol
Albany, NY 12224
212-416-6323
Email: wil.handley@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **State of Wisconsin** | represented by | **Aaron Bibb**<br>Wisconsin Department of Justice<br>Special Litigation & Appeals<br>17 West Main St.<br>Madison, WI 53703<br>608-266-0810<br>Email: bibbaj@doj.state.wi.us<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br><br>**Chris Pappavaselio**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **U.S Department of Education** | represented by | **Michael Fitzgerald**<br>United States Attorney's Office MA<br>1 Courthouse Way<br>Suite 9200<br>Boston, MA 02210 |

617-748-3266
Email: Michael.fitzgerald2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Denise Carter**                                represented by   **Michael Fitzgerald**
*in her official capacity as former Acting*                       (See above for address)
*Secretary of Education and current acting*                       *ATTORNEY TO BE NOTICED*
*Chief Operating Officer, Federal Student*
*Aid*

**Defendant**

**Linda McMahon**                               represented by   **Michael Fitzgerald**
*in her official capacity as Secretary of*                        (See above for address)
*Education*                                                       *ATTORNEY TO BE NOTICED*

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 03/06/2025 | 1 | COMPLAINT against All Defendants Filing fee: $ 405, receipt number AMADC-10876076 (Fee Status: Filing Fee paid), filed by State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet, # 4 Category Form)(Pagano, Adelaide) Modified on 3/6/2025 (NMC). (Entered: 03/06/2025) |
| 03/06/2025 | 2 | MOTION for Temporary Restraining Order by State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin. (Attachments: # 1 Text of Proposed Order)(Pagano, Adelaide) Modified on 3/6/2025 (NMC). (Entered: 03/06/2025) |
| 03/06/2025 | 3 | MOTION for Leave to File Excess Pages by State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin.(Pagano, Adelaide) Modified on 3/6/2025 (NMC). (Entered: 03/06/2025) |
| 03/06/2025 | 4 | ELECTRONIC NOTICE of Case Assignment. Judge Myong J. Joun assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Donald L. Cabell. (CEH) (Entered: 03/06/2025) |
| 03/06/2025 | 5 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (NMC) (Entered: 03/06/2025) |
| 03/06/2025 | 6 | Judge Myong J. Joun: ELECTRONIC ORDER entered granting 3 Plaintiffs' Motion for Leave to File Excess Pages. (JL) (Entered: 03/06/2025) |
| 03/06/2025 | 7 | MEMORANDUM in Support re 2 MOTION for Temporary Restraining Order filed by State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin. (Pagano, Adelaide) (Entered: 03/06/2025) |

| 03/06/2025 | 8 | DECLARATION re 7 Memorandum in Support of Motion, 2 MOTION for Temporary Restraining Order *Declar* by State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21)(Pagano, Adelaide) (Entered: 03/06/2025) |
| 03/06/2025 | 9 | NOTICE of Appearance by Chris Pappavaselio on behalf of Commonwealth of Massachusetts (Pappavaselio, Chris) (Entered: 03/06/2025) |
| 03/06/2025 | 10 | NOTICE of Appearance by Amanda I. Morejon on behalf of State of New Jersey (Morejon, Amanda) (Entered: 03/06/2025) |
| 03/06/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice for admission of Aaron Bibb Filing fee: $ 125, receipt number AMADC-10877340 by State of Wisconsin. (Attachments: # 1 Certificate of Aaron Bibb)(Pappavaselio, Chris) (Entered: 03/06/2025) |
| 03/06/2025 | 12 | NOTICE of Appearance by Megan E. Barriger on behalf of Commonwealth of Massachusetts (Barriger, Megan) (Entered: 03/06/2025) |
| 03/06/2025 | 13 | MOTION for Leave to Appear Pro Hac Vice for admission of Alex Finkelstein, Kathryn Claire Meyer, Monica Hanna, Rabia Muqaddam, Sandra Park, Wil Handley Filing fee: $ 750, receipt number AMADC-10877343 by State of New York. (Attachments: # 1 Certificate of Alex Finkelstein, # 2 Certificate of Kathryn Claire Meyer, # 3 Certificate of Monica Hanna, # 4 Certificate of Rabia Muqaddam, # 5 Certificate of Sandra Park, # 6 Certificate of Wil Handley)(Pappavaselio, Chris) (Entered: 03/06/2025) |
| 03/06/2025 | 14 | MOTION for Leave to Appear Pro Hac Vice for admission of Alexis Piazza, Garrett Lindsey, Heidi Joya, Laura Faer, Maureen Onyeagbako Filing fee: $ 625, receipt number AMADC-10877345 by State of California. (Attachments: # 1 Certificate of Alexis Piazza, # 2 Certificate of Garrett Lindsey, # 3 Certificate of Heidi Joya, # 4 Certificate of Laura Faer, # 5 Certificate of Maureen Onyeagbako)(Pappavaselio, Chris) (Entered: 03/06/2025) |
| 03/06/2025 | 15 | MOTION for Leave to Appear Pro Hac Vice for admission of Darren Kinkead Filing fee: $ 125, receipt number AMADC-10877347 by State of Illinois. (Attachments: # 1 Certificate of Darren Kinkead)(Pappavaselio, Chris) (Entered: 03/06/2025) |
| 03/07/2025 | 16 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 11 Motion for Leave to Appear Pro Hac Vice Added Aaron J. Bibb.<br><br>**Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account.<br><br>(SP) (Entered: 03/07/2025) |
| 03/07/2025 | 17 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 13 Motion for Leave to Appear Pro Hac Vice Added Alex Finkelstein, Kathryn Claire Meyer, Monica Hanna, Rabia Muqaddam, Sandra Park, Wil Handley.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To** |

register for a PACER account, go the Pacer website at
https://pacer.uscourts.gov/register-account. **You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions
https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(SP) (Entered: 03/07/2025)

| 03/07/2025 | 18 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 14 Motion for Leave to Appear Pro Hac Vice Added Laura Faer, Heidi Joya, Maureen Onyeagbako, Alexis Piazza, and Garrett Lindsey.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(SP) (Entered: 03/07/2025) |
| 03/07/2025 | 19 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 15 Motion for Leave to Appear Pro Hac Vice Added Darren Kinkead.

**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**

Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.

A Notice of Appearance must be entered on the docket by the newly admitted attorney.

(SP) (Entered: 03/07/2025) |
| 03/07/2025 | 20 | Judge Myong J. Joun: ORDER Setting Hearing on Motion

Motion Hearing Doc. 2 set for 3/10/2025 02:30 PM in Courtroom 20 (In person only) before Judge Myong J. Joun.

**It is further ORDERED that Plaintiffs shall serve a copy of this Order on Defendants immediately upon receipt to ensure that Defendants' counsel will appear at the hearing.** (SP) (Entered: 03/07/2025) |

| 03/07/2025 | 21 | NOTICE of Appearance by Yael Shavit on behalf of Commonwealth of Massachusetts (Shavit, Yael) (Entered: 03/07/2025) |
|---|---|---|
| 03/07/2025 | 22 | MOTION for Leave to Appear Pro Hac Vice for admission of Jessica L. Palmer by State of New Jersey. (Attachments: # 1 Affidavit Certificate of Jessica L. Palmer)(Morejon, Amanda) (Entered: 03/07/2025) |
| 03/07/2025 | 23 | MOTION for Leave to Appear Pro Hac Vice for admission of Elizabeth R. Walsh by State of New Jersey. (Attachments: # 1 Affidavit Certificate of Elizabeth R. Walsh) (Morejon, Amanda) (Entered: 03/07/2025) |
| 03/07/2025 | 24 | NOTICE of Appearance by Darren Bernens Kinkead on behalf of State of Illinois (Kinkead, Darren) (Entered: 03/07/2025) |
| 03/07/2025 | 25 | NOTICE of Appearance by Alex Finkelstein on behalf of State of New York (Finkelstein, Alex) (Entered: 03/07/2025) |
| 03/07/2025 | 26 | NOTICE of Appearance by Kathryn Meyer on behalf of State of New York (Meyer, Kathryn) (Entered: 03/07/2025) |
| 03/07/2025 | 27 | NOTICE of Appearance by Rabia Muqaddam on behalf of State of New York (Muqaddam, Rabia) (Entered: 03/07/2025) |
| 03/07/2025 | 28 | NOTICE of Appearance by Sandra S. Park on behalf of State of New York (Park, Sandra) (Entered: 03/07/2025) |
| 03/07/2025 | 29 | NOTICE of Appearance by Monica Hanna on behalf of State of New York (Hanna, Monica) (Entered: 03/07/2025) |
| 03/07/2025 | 30 | NOTICE of Appearance by Michael Fitzgerald on behalf of Denise Carter, Linda McMahon, U.S Department of Education (Fitzgerald, Michael) (Entered: 03/07/2025) |
| 03/07/2025 | 31 | NOTICE of Appearance by Adelaide H. Pagano on behalf of Commonwealth of Massachusetts (Pagano, Adelaide) (Entered: 03/07/2025) |
| 03/10/2025 | 32 | NOTICE OF ATTORNEY PAYMENT OF FEES as to 22 MOTION for Leave to Appear Pro Hac Vice for admission of Jessica L. Palmer, 23 MOTION for Leave to Appear Pro Hac Vice for admission of Elizabeth R. Walsh by Plaintiff State of New Jersey. Filing fee $ 250, receipt number AMADC-10880513. Payment Type : PRO HAC VICE. (Morejon, Amanda) (Entered: 03/10/2025) |
| 03/10/2025 | 33 | NOTICE of Appearance by Matthew G. Lindberg on behalf of Commonwealth of Massachusetts (Lindberg, Matthew) (Entered: 03/10/2025) |
| 03/10/2025 | 34 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 22 Motion for Leave to Appear Pro Hac Vice Added Jessica L. Palmer.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney. |

| 03/10/2025 | 35 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 23 Motion for Leave to Appear Pro Hac Vice Added Elizabeth R. Walsh. |
| | | **Attorneys admitted Pro Hac Vice must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of Massachusetts. Counsel may need to link their CM/ECF account to their upgraded individual pacer account.** Instructions on how to link CM/ECF accounts to upgraded pacer account can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-current-pacer-accounts.htm#link-account. |
| | | (SP) (Entered: 03/10/2025) |
| 03/10/2025 | 36 | NOTICE of Appearance by Elizabeth R. Walsh on behalf of State of New Jersey (Walsh, Elizabeth) (Entered: 03/10/2025) |
| 03/10/2025 | 37 | MOTION for Leave to Appear Pro Hac Vice for admission of Lauren E. Van Driesen Filing fee: $ 125, receipt number AMADC-10882878 by State of New Jersey. (Attachments: # 1 Affidavit Certificate of Lauren E. Van Driesen)(Morejon, Amanda) (Entered: 03/10/2025) |
| 03/10/2025 | 38 | Electronic Clerk's Notes for proceedings held before Judge Myong J. Joun: Hearing held on 3/10/2025 re 2 MOTION for Temporary Restraining Order filed by State of Wisconsin, State of California, State of New Jersey, State of Maryland, State of Illinois, Commonwealth of Massachusetts, State of New York, State of Colorado. Caee no. 25cv702, out of Maryland noted; Court heard arguments and took said motion under advisement. (Court Reporter: Jamie Halpin at jkhhalpin@gmail.com)(Attorneys present: Barriger, Pagano, Faer, Palmer, and Shavit for the pltffs; Fitzgerald for the defts) (JL) (Entered: 03/10/2025) |
| 03/10/2025 | 39 | NOTICE of Appearance by Jessica L Palmer on behalf of State of New Jersey (Palmer, Jessica) (Entered: 03/10/2025) |
| 03/10/2025 | 40 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 37 Motion for Leave to Appear Pro Hac Vice Added Lauren E. Van Drisen. |
| | | **Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.** |
| | | Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm. |
| | | A Notice of Appearance must be entered on the docket by the newly admitted attorney. |
| | | (SP) (Entered: 03/10/2025) |
| 03/10/2025 | 41 | Judge Myong J. Joun: ORDER entered. MEMORANDUM AND ORDER **GRANTING** Doc. 2 on Plaintiff States' Motion for Temporary Restraining Order(SP) (Entered: 03/10/2025) |
| 03/11/2025 | 42 | AFFIDAVIT OF SERVICE Executed by State of Maryland, State of New Jersey, State of New York, Commonwealth of Massachusetts, State of Wisconsin, State of California, State of Colorado, State of Illinois. All Defendants. Acknowledgement filed by State of |

| | | Maryland, State of New Jersey, State of New York, Commonwealth of Massachusetts, State of Wisconsin, State of California, State of Colorado, State of Illinois. (Attachments: # 1 Exhibit 1)(Pagano, Adelaide) (Entered: 03/11/2025) |
|---|---|---|
| 03/11/2025 | 43 | NOTICE of Appearance by Wil Handley on behalf of State of New York (Handley, Wil) (Entered: 03/11/2025) |
| 03/11/2025 | 44 | MOTION for Leave to Appear Pro Hac Vice for admission of David Moskowitz Filing fee: $ 125, receipt number AMADC-10885257 by State of Colorado. (Attachments: # 1 Certificate of David Moskowitz)(Pappavaselio, Chris) (Entered: 03/11/2025) |
| 03/11/2025 | 45 | NOTICE of Appearance by Lauren Elizabeth Van Driesen on behalf of State of New Jersey (Van Driesen, Lauren) (Entered: 03/11/2025) |
| 03/11/2025 | 46 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 44 Motion for Leave to Appear Pro Hac Vice Added David Moskowitz.<br><br>**Attorneys admitted Pro Hac Vice must have an individual PACER account, not a shared firm account, to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register-account. You must put the docket number under ADDITIONAL FILER INFORMATION on your form when registering or it will be rejected.**<br><br>Pro Hac Vice Admission Request Instructions https://www.mad.uscourts.gov/caseinfo/nextgen-pro-hac-vice.htm.<br><br>A Notice of Appearance must be entered on the docket by the newly admitted attorney.<br><br>(SP) (Entered: 03/11/2025) |
| 03/11/2025 | 47 | STATUS REPORT *Joint Submission Regarding Preliminary Injunction Briefing Schedule* by Denise Carter, Linda McMahon, State of California, Commonwealth of Massachusetts, State of New Jersey, State of Colorado, State of Illinois, State of Maryland, State of New York, State of Wisconsin, U.S Department of Education. (Pagano, Adelaide) (Entered: 03/11/2025) |
| 03/11/2025 | 48 | NOTICE OF APPEAL as to 41 Memorandum & ORDER by Denise Carter, Linda McMahon, U.S Department of Education. Fee Status: US Government. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 3/31/2025. (Fitzgerald, Michael) (Entered: 03/11/2025) |
| 03/11/2025 | 49 | NOTICE of Appearance by Laura Faer on behalf of State of California (Faer, Laura) (Entered: 03/11/2025) |
| 03/11/2025 | 50 | STATUS REPORT by Denise Carter, Linda McMahon, U.S Department of Education. (Fitzgerald, Michael) (Entered: 03/11/2025) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————— )
                                                            )
STATE OF CALIFORNIA;                        )
COMMONWEALTH OF MASSACHUSETTS; )
STATE OF NEW JERSEY; STATE OF          )
COLORADO; STATE OF ILLINOIS; STATE  )
OF MARYLAND; STATE OF NEW YORK;     )
and STATE OF WISCONSIN,                    )
                                                            )
        Plaintiffs,                              )
                                                            )
        v.                                          )          Civil Action No. 25-10548-MJJ
                                                            )
U.S. DEPARTMENT OF EDUCATION;        )
DENISE CARTER, in her official capacity as )
former Acting Secretary of Education and    )
current acting Chief Operating Officer, Federal )
Student Aid; LINDA MCMAHON, in her     )
official capacity as Secretary of Education,  )
                                                            )
        Defendants.                            )
———————————————————— )

## MEMORANDUM AND ORDER ON PLAINTIFF STATES' MOTION FOR TEMPORARY RESTRAINING ORDER

March 10, 2025

JOUN, D.J.

On March 6, 2025, the states of California, Massachusetts, New Jersey, Colorado, Illinois, Maryland, New York, and Wisconsin (collectively, "Plaintiff States") filed suit against defendants Secretary of Education Linda McMahon and former Acting Secretary of Education Denise Carter, in their official capacities, and the United States Department of Education ("Department"; collectively, "Defendants"). Plaintiff States allege that, starting on February 7, 2025, the Department arbitrarily terminated all grants previously awarded under the Teacher

Quality Partnership ("TQP") Program and the Supporting Effective Educator Development ("SEED") Grant Program in violation of the Administrative Procedures Act ("APA").[1]

Plaintiff States filed a Motion for Temporary Restraining Order, [Doc. No. 2], and a hearing was held this afternoon at 2:30 P.M. Upon consideration of Plaintiff States' briefs and supporting evidence, the parties' oral argument, and for the reasons explained below, I GRANT Plaintiff States' Motion and enter a temporary restraining order ("TRO") against Defendants pursuant to the terms outlined at the end of this Order.

## I.    DISTRICT COURT JURISDICTION

Defendants argue the waiver of sovereign immunity in the APA, 5 U.S.C § 702, does not extend to actions of contract which are within the exclusive jurisdiction of the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491. Plaintiff States disagree, arguing waiver of sovereign immunity allows for suit in this Court.

Very recently, another session in this District examined this precise issue in a substantially similar case to this one. *Massachusetts v. Nat'l Institutes of Health,* No. 25-cv-10338, 2025 WL 702163 (D. Mass. Mar. 5, 2025). In that case, in a thoughtful analysis, Judge Angel Kelley determined that the "essence" of the action was not contractual in nature since the source of the plaintiffs' rights was in federal statute and regulations and because the relief was injunctive in nature. *See id.* at *8. I agree with, and adopt, Judge Kelley's reasoning and conclusion. Here, similarly, Plaintiff States seek equitable relief in the form of reinstatement of the TQP and SEED grants. Plaintiff States also seek to enjoin Defendants from implementing, giving effect to, maintaining, or reinstating under a different name the termination of any

---

[1] The parties do not dispute that the termination of SEED and TQP grants constituted final agency action.

previously awarded TQP and SEED grants. In other words, Plaintiff States seek to preserve the previous status quo to alleviate corresponding harm; they are not alleging claims for past pecuniary harms. Plaintiff States have also sufficiently shown that the dispute does not hinge on the terms of a contract between the parties, but rather "federal statute and regulations put in place by Congress and the [Department]." *See id.* at *6. This Court retains jurisdiction.[2]

## II.    TEMPORARY RESTRAINING ORDER

The standard for issuing a TRO—an "extraordinary and drastic remedy"—is "the same as for a preliminary injunction." *Orkin v. Albert*, 557 F. Supp. 3d 252, 256 (D. Mass. 2021) (cleaned up). Plaintiff States must show that weighing the following four interests favors granting a TRO:

> (i) the likelihood that the movant will succeed on the merits; (ii) the possibility that, without an injunction, the movant will suffer irreparable harm; (iii) the balance of relevant hardships as between the parties; and (iv) the effect of the court's ruling on the public interest.

*Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009).

### A.  Likelihood of Success

I begin with the likelihood of success on the merits, which is considered the most important of the four elements and the "sine qua non" of the calculus. *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). Plaintiff States allege that Defendants committed substantive violations of the APA by taking an agency action that is (1) arbitrary and capricious and an abuse of discretion, and (2) not in accordance with law. Based on the evidence before me now, I find that Plaintiff States are likely to succeed on the merits of their claims.

---

[2] For purposes of the TRO, Plaintiff States have established their recipient institutions of higher education and local educational agencies are public instrumentalities of Plaintiff States, which have standing to bring suit on their behalf.

The APA requires that a court "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A). An agency action is arbitrary and capricious if the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (cleaned up); *see also Amerijet Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1350 (D.C. Cir. 2014) ("[A] fundamental requirement of administrative law is that an agency set forth its reasons for decision; an agency's failure to do so constitutes arbitrary and capricious agency action." (cleaned up)). That "reasoned explanation requirement . . . is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public." *Dep't of Commerce v. New York*, 588 U.S. 752, 785 (2019).

The record reflects that there was no individualized analysis of any of the programs; rather, it appears that <u>all</u> TQP and SEED grants were simply terminated. See Doc. 8-13 at 60. And all the programs received the same standardized form letter notifying them of the grant terminations ("Termination Letter"), which states as follows:

> It is a priority of the Department of Education to eliminate discrimination in all forms of education throughout the United States. The Acting Secretary of Education has determined that, per the Department's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Department's grants do not support programs or organizations that promote or take part in diversity, equity, and inclusion ("DEI") initiatives or any other initiatives that unlawfully discriminate on the basis of race, color, religion, sex, national origin, or another protected characteristic. . . . In addition to complying

with the civil rights laws, it is vital that the Department assess whether all grant payments are free from fraud, abuse, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The grant specified above provides funding for programs that promote or take part in DEI initiatives or other initiatives that unlawfully discriminate on the basis of race, color, religion, sex, national origin, or another protected characteristic; that violate either the letter or purpose of Federal civil rights law; that conflict with the Department's policy of prioritizing merit, fairness, and excellence in education; that are not free from fraud, abuse, or duplication; or that otherwise fail to serve the best interests of the United States. The grant is therefore inconsistent with, and no longer effectuates, Department priorities.

[Doc. No. 1-1 at 2].

I see no reasoned explanation articulated for the Department's action here. First, the Termination Letter lists several theoretical bases for the grant terminations—stating the grants fund programs that, for example, "promote or take part in DEI initiatives" *or* "are not free from fraud, abuse, or duplication" *or* "otherwise fail to serve the best interests of the United States"—but fails to identify which of these bases applies here. This does not reach the level of a reasoned explanation; indeed it amounts to no explanation at all. Second, even accepting any one of these bases as justification for the agency action, such as discrimination related to DEI initiatives, the Termination Letter is arbitrary and capricious because its statements are only conclusory. "[C]onclusory statements will not do; an agency's statement must be one of *reasoning*." *Amerijet*, 753 F.3d at 1350 (cleaned up); *see also Nat'l Institutes of Health*, 2025 WL 702163, at *18 ("[The agency's] proffered 'reasons' fail to grapple with the relevant factors or pertinent aspects of the problem and fails to demonstrate a rational connection between the facts and choice that was made."). There is no indication that the Department "examine[d] the relevant data," *Motor Vehicle Mfrs.*, 463 U.S. at 29; to the contrary, the record reflects a lack of the individualized reasoning and analysis required. To the extent that Defendants claim that it is sufficient explanation for the Department to baldly assert that the grants "no longer effectuate[]

Department policies," such an assertion cannot stand. In the absence of any reasoning, rationale, or justification for the termination of the grants, the Department's action is arbitrary and capricious.

The Department's failure to provide a reasoned explanation is "even more egregious in light of the drastic change" from the existing policies under which the grant awards had been authorized. *Nat'l Institutes of Health*, 2025 WL 702163, at *18. "Although a change in policy does not result in a heightened standard of review, if an agency's 'new policy rests upon factual findings that contradict those which underlay its prior policy; or when its prior policy has engendered serious reliance interests' an agency's failure to consider such factors 'would be arbitrary or capricious.'" *Id.* (quoting *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)). In such cases, "a reasoned explanation is needed for disregarding facts and circumstances that underlay or were engendered by the prior policy." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 222 (2016). As described, the Termination Letter failed to provide any reasoned explanation, let alone one that considered the facts and circumstances underlying the prior policy.

For these reasons, Plaintiff States are likely to succeed in their claims that the Department's action in terminating the grants is arbitrary and capricious.[3]

### B. Irreparable Harm

Plaintiff States have adequately shown that they would be irreparably harmed if temporary relief were not granted. An "irreparable injury" for the purposes of preliminary relief is "an injury that cannot adequately be compensated for either by a later-issued permanent

---

[3] This suffices for purpose of the present TRO and I need not, at this time, reach the argument in Count II that there exists a separate ground for a substantive violation of the APA, i.e., an action not in accordance with the law.

injunction, after a full adjudication on the merits, or by a later-issued damages remedy." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 76 (1st Cir. 2005). "The necessary concomitant of irreparable harm is the inadequacy of traditional legal remedies. The two are flip sides of the same coin: if money damages will fully alleviate harm, then the harm cannot be said to be irreparable." *K-Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 914 (1st Cir. 1989). Here, there is ample evidence that the Department's termination of all previously awarded TQP and SEED grants has already harmed, and will continue to harm, the programs and employees of those programs that rely on these grants. *See* [Doc. No. 8; Doc. Nos. 8-1 to 8-21].

The termination of funding for a program at the California State University with the objective of training and developing "highly qualified community-centered teachers who could staff and support high-need or high-poverty urban K-12 schools and students, particularly with regard in the areas of special education," has resulted in the loss of mentoring, training, and vital support for 26 students, and the loss of financial stipends for about 50 incoming students who need these stipends to participate in classroom teaching. [Doc. No. 8-3 at ¶¶ 7, 16, 22]. In New Jersey, The College of New Jersey was forced to cancel the remainder of its urban teacher residency program due to the loss of its TQP grant. [Doc. No. 8-9 at ¶ 21]. Here in Massachusetts, where Boston Public Schools had relied on their TQP grant to support their teacher pipeline programming designed to address the need and shortage of multilingual educators, [Doc. No. 8-2 at ¶ 8], the abrupt termination of this grant has resulted in the loss of three-full time employees who were being funded by the grant. [*Id.* at ¶ 28]. Thus, it is apparent that the harms which have already resulted, and which will continue to result, from the grant terminations are irreparable.

7

Moreover, I agree with Plaintiff States that a later-issued permanent injunction or damages remedy cannot compensate for such loss of federal funding. [*See* Doc. No. 7 at 24]. Plaintiff States have sufficiently established that the loss of this funding "threatens the very existence" of the teacher pipeline programs implemented by Plaintiff States, and there is no traditional remedy that can compensate Plaintiff States for the disruptions and discord resulting from the abrupt terminations of these grants. *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986); *see also Texas Children's Hosp. v. Burwell*, 76 F. Supp. 3d 224, 242 (D.D.C. 2014) (unrecoverable funds can constitute irreparable harm). The record shows how the terminations have "upended months, if not years" of work required to implement programs that rely on these grants, and how terminations have impacted "budgets for staff, coursework, partner organizations, school districts, and student populations" and existing projects or projects already in progress. [Doc. No. 7 at 25]; *see, e.g.*, [Doc. No. 8-1 at ¶¶ 20-22 (loss of grant hindered a program at University of Massachusetts Amherst that was one and a half years into a five-year project with significant deliverables already scheduled); [Doc. No. 8-12 at ¶ 18 (grant termination interrupted recruitment and retention activities)].

For these reasons, Plaintiff States have established irreparable harm. *See K–Mart*, 875 F.2d at 915 ("District courts have broad discretion to evaluate the irreparability of alleged harm and to make determinations regarding the propriety of injunctive relief") (cleaned up).

### C.  Balance of Hardships/Effect on Public Interest

Finally, upon consideration of the last two factors, the balance of the equities weighs heavily in favor of granting Plaintiff States' TRO, and a TRO would serve the public interest.[4]

---

[4] The last two factors "merge when the Government is the party opposing the [TRO]." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The record shows that if I were to deny the TRO, dozens of programs upon which public schools, public universities, students, teachers, and faculty rely will be gutted. On the other hand, if I were to grant the TRO, as another court has put it, Defendants "merely would have to disburse funds that Congress has appropriated to the States and others." *New York v. Trump*, 25-cv-39, 2025 WL 357368, at *4 (D.R.I. Jan. 31, 2025) (cleaned up). I find that, "absent such an order, there is a substantial risk that the States and its citizens will face a significant disruption in health, education, and other public services that are integral to their daily lives due to this pause in federal funding." *Id.* Further, "[t]he fact that [Plaintiff States] have shown a likelihood of success on the merits strongly suggests that a TRO would serve the public interest." *Id.* Accordingly, the last two factors weigh in favor of granting Plaintiff States' TRO.

## III.     CONCLUSION

For the reasons stated above, Plaintiff States' Motion for Temporary Restraining Order, [Doc. No. 2], is GRANTED. It is therefore ORDERED that, until further order is issued by this Court:

1.     Defendants shall immediately restore Plaintiff States to the pre-existing status quo prior to the termination under all previously awarded TQP or SEED grants for recipients in Plaintiff States;

2.     Defendants are temporarily enjoined from implementing, giving effect to, maintaining, or reinstating under a different name the termination of any previously awarded TQP or SEED grants for recipients in Plaintiff States, including but not limited to through the Termination Letter, Termination GAN, and any other agency actions implementing such terminations, such as suspension or withholding of any funds approved and obligated for the grants;

3.      Defendants are temporarily enjoined from terminating any individual TQP and SEED grant for recipients in Plaintiff States, except to the extent the final agency action is consistent with the Congressional authorization and appropriations, relevant federal statute, including the requirements of the APA, the requirements of the relevant implementing regulations, the grant terms and conditions, and this Court's Order;

4.      Within 24 hours of entry of this Order, Defendants shall provide notice of the TRO to their employees and anyone acting in concert with them, and to all TQP and SEED grantees in Plaintiff States;

5.      Defendants shall file a status report with the Court, within 24 hours of entry of this Order, confirming their compliance with the Court's TRO;

6.      This TRO shall become effective immediately upon entry by this Court. The TRO shall remain in effect for 14 days; and

7.      By March 11, 2025 at 5 P.M., the parties shall jointly propose a briefing schedule regarding Plaintiff States' request for preliminary injunction.


SO ORDERED.

                                        /s/ Myong J. Joun
                                        United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **STATE OF CALIFORNIA, et al.** ) | |
|     **Plaintiffs** ) | |
| ) | |
|     v. ) | Civil Action No. 25-10548-MJJ |
| ) | |
| **U.S. DEPARTMENT OF** ) | |
| **EDUCATION, et al.** ) | |
|     **Defendants** ) | |

## NOTICE OF APPEAL

Notice is hereby given that Defendants in the above-captioned case hereby appeal to the United States Court of Appeals for the First Circuit from the district court's (Joun, J.) March 10, 2025 <u>Memorandum and Order</u>, <u>ECF No. 41</u> (docketed on March 10, 2025).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:   <u>*/s/ Michael L. Fitzgerald*</u>
     Michael L. Fitzgerald
     Assistant U.S. Attorney

1

Certificate of Service

I hereby certify that on March 11, 2025, this Notice of Appeal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Michael L. Fitzgerald*
Michael L. Fitzgerald
Assistant U.S. Attorney